UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMANDA MARBLE and KELSEY REIMER, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>HALO INNOVATIONS, INC.<br><br>Defendant. | **Case No. 1:23-cv-11048-JGLC**<br><br>CONFIDENTIALITY STIPULATION AND PROPOSED PROTECTIVE ORDER |

WHEREAS, Plaintiffs Amanda Marble and Kelsey Reimer, individually and on behalf of all others similarly situated ("Plaintiffs"), and Defendant HALO Innovations, Inc. (n/k/a HALO Dream, Inc.) ("Defendant" and collectively with Plaintiffs, the "Parties") to the above-captioned case (the "Action"), are engaged in discovery proceedings, which may include, among other things, taking depositions, responding to interrogatories, responding to requests for admissions, and producing documents for inspection and copying;

WHEREAS, the Parties may be required in the course of discovery to produce or disclose confidential and/or proprietary business information, trade secret information, or other information that is non-public and sensitive in nature;

WHEREAS, the parties having agreed to the following terms of confidentiality, and the Court having found that good cause exists for entry of this Confidentiality Stipulation and Proposed Protective Order ("Stipulation");

1

WHEREAS, the entry of this Stipulation will expedite the flow of discovery material, facilitate prompt resolution of disputes over confidentiality, and pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, promote fair and expeditious resolution of this litigation;

THEREFORE, IT IS HEREBY STIPULATED and ORDERED that:

1. This Stipulation shall govern the handling of all information, material, and documents (as defined in Fed. R. Civ. P. 34(a)) disclosed during the course of the Action by any Party or by any non-party acting voluntarily or in response to Court-authorized discovery, including taking depositions, responding to interrogatories, responding to requests for admissions, and producing documents for inspection and copying ("Litigation Material").

2. As used herein:

    (a) "Producing Party" shall mean any Party or any non-party producing Litigation Material.

    (b) "Receiving Party" shall mean any Party or any non-party receiving Litigation Material.

3. Designation of Information as "Confidential" or "Highly Confidential—Attorney's Eyes Only." A Party or non-party may designate as "Confidential" or "Highly Confidential—Attorney's Eyes Only" any Litigation Material, in whole or in part, if the Producing Party (or counsel) reasonably and in good faith believes that such designation is necessary to protect the interests of the client including information that is proprietary, a trade secret, or otherwise sensitive non-public information.

The protections conferred by this Stipulation cover not only "Confidential" material and "Highly Confidential—Attorney's Eyes Only" material (as defined above and, collectively, "Confidential/AEO"), but also (1) any information copied or extracted from Confidential/AEO

ACTIVE 696894453v5

material; (2) all copies, excerpts, summaries, or compilations of Confidential/AEO material; and (3) any testimony, conversations, or presentations by parties or their counsel that might reveal Confidential/AEO material. However, the protections conferred by this Stipulation do not cover information that is in the public domain or becomes part of the public domain through trial or otherwise (aside from unauthorized disclosure). Within twenty-one (21) days from the entry of an Order on this Agreement, any of the parties may designate materials already produced in this Action as Confidential/AEO material. A Party or non-party may designate Confidential/AEO information as "Confidential" or "Highly Confidential—Attorney's Eyes Only" as follows:

(a) Documents or other tangible Litigation Material may be designated by the Producing Party as "Confidential" or "Highly Confidential—Attorney's Eyes Only" by stamping or writing the word "Confidential" or "Highly Confidential—Attorney's Eyes Only" on the Litigation Material prior to the production of the documents or items. For multiple page documents, the designation of "Confidential" or "Highly Confidential—Attorney's Eyes Only" shall be made on all pages containing "Confidential" or "Highly Confidential—Attorney's Eyes Only" information.

(b) In the case of electronically stored information, documents, or written discovery responses, the Producing Party may designate such materials as "Confidential" or "Highly Confidential—Attorney's Eyes Only" by specifically identifying what portions of such materials are being designated as "Confidential" or "Highly Confidential—Attorney's Eyes Only" either by cover letter or in the Party's written responses to the discovery request pursuant to which the materials are being produced. Alternatively, if the materials are produced in such a manner that permits them to be stamped in some readily discernible way, then the Producing Party may stamp

the material as "Confidential" or "Highly Confidential—Attorney's Eyes Only" prior to production.

   (c) Depositions or other testimony may be designated as "Confidential" or "Highly Confidential—Attorney's Eyes Only" by identifying orally on the record that portion of the testimony designated as "Confidential" or "Highly Confidential—Attorney's Eyes Only" or by making such designation by letter sent to counsel for all other Parties within thirty (30) days after notification from the court reporter that the transcript is available.  Prior to the termination of this thirty (30) day period, the entire transcript shall be deemed to be presumptively "Confidential." After the thirty (30) days have passed, if the transcript has not been designated as "Confidential" or "Highly Confidential—Attorney's Eyes Only" by any party, the transcript shall no longer be considered Confidential except upon stipulation by the parties or Court order. The Party designating deposition testimony as "Confidential" or "Highly Confidential—Attorney's Eyes Only" is responsible for ensuring that the transcript (or the relevant portions thereof) is physically marked as "Confidential" or "Highly Confidential—Attorney's Eyes Only" by the court reporter.

   4. <u>Disclosure of Confidential Information</u>.  All Litigation Material shall be used only in connection with the Action. Litigation Material designated "Confidential" including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the Parties and shall not be disclosed to any other person, except:

   (a) the Court and persons assisting the Court in this Action, including court reporters and stenographic or clerical personnel;

   (b) the Parties' counsel, including in-house counsel, the employees of such counsel; and any persons employed or retained by such counsel for the purpose of assisting in the

4

conduct of this Action (such as copying services, e-discovery vendors, paralegals and clerical assistants);

(c) the Parties, including their parent companies, affiliates and subsidiaries, the employees of such Parties; and any persons employed or retained by such Parties for the purpose of assisting in the conduct of this Action (such as copying services, e-discovery vendors, paralegals and clerical assistants);

(d) subject to paragraph 9 herein, any person who, by agreement of the Parties, is retained to assist in mediating the claims in this Action and such mediator's employees;

(e) subject to paragraph 9 herein, independent experts and consultants retained to assist counsel for the Parties in connection with this Action, and the employees of such experts and consultants who are assisting them in connection with their work in this matter;

(f) subject to paragraph 9 herein, mock jurors and focus group members employed by counsel in preparation for trial in this lawsuit, provided that no documents or physical things embodying "Confidential" information will be left in the possession of any such person;

(g) subject to paragraph 9 herein, deponents or witnesses whom counsel for an examining party believes in good faith have a need to review such material and who are either (i) identified on the face of the document as an author, addressee or person who has previously seen such "Confidential" material, (ii) are current employees of the Producing Party, or (iii) were employees of the Producing Party at the time the "Confidential" information was created;

(h) persons who were the authors or original recipients of such documents;

(i) such other persons as hereafter may be designated by written agreement of all parties in this Action or by order of the Court; and

(j) as provided in paragraph 19(a).

ACTIVE 696894453v5

5. <u>Disclosure of Highly Confidential—Attorney's Eyes Only Information</u>. With respect to all Litigation Material designated "Highly Confidential—Attorney's Eyes Only," including any copies, notes, abstracts or summaries thereof, shall be maintained in confidence by the Parties and shall not be disclosed to any person except a person or entity enumerated in subparagraphs 4(a), (b), (d), (e), and (g) above. Absent the express written consent of the Producing Party, Litigation Material designated "Highly Confidential—Attorney's Eyes Only" shall not be disclosed or communicated in any manner, either directly or indirectly, to persons or entities enumerated in in subparagraphs 4(c), (f), and (h)-(j) above. Accordingly, whenever any documents, information, or other materials designated as "Highly Confidential—Attorney's Eyes Only" are to be discussed or disclosed in a deposition, any Party claiming such confidentiality may exclude from the room any person who is not entitled to receive documents, information, or other things designated as "Highly Confidential—Attorney's Eyes Only."

6. <u>Use of Litigation Material</u>. Nothing in this Stipulation shall prevent a party from any use of its own Litigation Material in any manner consistent with applicable law, including, but not limited to voluntarily de-designating its own Confidential/AEO material. Any information produced or discovered in this litigation, whether or not designated Confidential or Highly Confidential-Attorney's Eyes, shall be used solely for purposes of this litigation, including appeals and retrials, subject to the restrictions of this Order.  No such information may be used for any other purpose, including business, governmental, commercial, or administrative or judicial proceedings, unless that information has become publicly available without a breach of the terms of this Confidentiality Order. Persons to whom and entities to which Confidential/AEO information is furnished shall not disclose this Confidential/AEO information to any person not entitled under this Order to receive it. These restrictions on the use of Confidential/AEO

information are applicable only to the use by the recipients of another person's or entity's Confidential/AEO information. Confidential/AEO information must be stored and maintained by a receiving party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

7. <u>Distribution of Confidential/AEO Information</u>. Unless otherwise approved by the Parties in writing, Confidential/AEO information (including any summaries or extracts) shall not be disclosed to any persons or entities other than those enumerated in paragraph 4. Disclosure to any of the persons or entities enumerated in paragraph 4 shall be made solely for the purpose of evaluating, mediating, and/or litigating the claims in this Action.

8. <u>Inadvertent Production</u>. If a document or other information is inadvertently produced without a confidentiality designation, the Producing Party may nevertheless assert the confidentiality designation or other information, and the Parties shall thereafter treat the document or other information as "Confidential" or "Highly Confidential—Attorney's Eyes Only," provided that such assertion be made promptly upon discovery of any inadvertent disclosure.  After such an assertion, each Party shall affix the legend "Confidential" or "Highly Confidential—Attorney's Eyes Only" to each copy of the newly designated document or other information in its possession and shall make all reasonable efforts to ensure that every entity or individual to whom the Party has disclosed the information also affixes the appropriate legend to each copy of the newly designated document or other information in its possession.

9. <u>Acknowledgement</u>. Before any disclosure of Confidential/AEO information is made to any of the entities or persons described in paragraph 4(d), (e), (f), (g), and (i), a copy of this Stipulation must be provided to them and the person or a representative of the entity must execute an acknowledgement in substantially the same form as attached as Exhibit A hereto. The

original executed acknowledgement form shall be retained by counsel for the party sharing the "Confidential" information until the final termination of this Action, the date of which is set forth in paragraph 15.

10. <u>Disclosure to Expert Witness or Consultant</u>. Before any disclosure of Confidential/AEO Litigation Material, or notes, extracts or summaries of such Confidential/AEO Litigation Material, is made to an expert witness or consultant pursuant to paragraph 4(e), counsel for the Party that intends to make the disclosure shall procure the expert's written agreement, in the form of Exhibit A attached hereto, to comply with and be bound by the terms of this Stipulation.

11. <u>Documents Under Seal</u>. Any Party intending to use in Court any Litigation Material marked "Confidential," "Highly Confidential—Attorney's Eyes Only," or information contained in such Litigation Material shall follow the procedures set forth in the Judge's Individual Rules and Practices in Civil Cases, Standing Order 19-MC-583, and Section 6 of the S.D.N.Y. Electronic Case Filing Rules and Instructions.

All material filed under seal shall be maintained separate from the public records in this Action and shall be released only upon further order of the Court. A redacted version of any pleadings filed under seal which removes all Confidential Litigation Material may be filed as part of the public record of this Action by the Party intending to use in Court any such Litigation Material or information.

12. <u>Documents Used In Court</u>. Any Confidential/AEO Litigation Material or information contained in such Litigation Material that is used in Court and not filed under seal:

(a) shall be used only upon the written agreement of the Party or non-party that designated the document "Confidential" or "Highly Confidential—Attorney's Eyes Only" or by entry of an order by the Court; and

8

ACTIVE 696894453v5

(b) shall not constitute a waiver of any claim of confidentiality or privilege, or modify any party's rights or obligations under this Stipulation, with regard to the Litigation Material so used.

13. <u>Challenging a Confidential Designation</u>. Any Party may, at any time, provide written notice to the Party or non-party that designated the Litigation Material as "Confidential" or "Highly Confidential—Attorney's Eyes Only" that the notifying Party does not concur in the designation of the Litigation Material as "Confidential" or "Highly Confidential—Attorney's Eyes Only." If the Party or non-party that made the designation does not agree to declassify such document or material within seven (7) days, any Party may move the Court for an order changing the classification of, or declassifying, that Litigation Material. Any materials attached to the motion or any materials summarizing the Confidential/AEO designation shall be filed under seal. During the pendency of such motion, such Litigation Material shall continue to be treated as "Confidential" or Highly "Confidential—Attorney's Eyes Only." The burden shall be on the designating Party or non-party to demonstrate that the documents or materials require continuing protection. The Party challenging the classification shall be entitled to file a reply to any opposition papers filed by the designating Party or non-party.

14. <u>Subpoenas</u>. If a Party in possession of Litigation Material designated Confidential/AEO that was so designated by another Party or non-party receives a subpoena from a non-party seeking production or other disclosure of material designated Confidential/AEO, it shall promptly give written notice to counsel for the Producing Party (and, if the designating Party is not the same entity, the designating Party as well), identifying the Confidential/AEO material sought and enclosing a copy of the subpoena, and provide the Party and/or non-party that is being notified with a reasonable opportunity to object to the disclosure—where possible—at least ten

(10) days' notice before production or other disclosure of the Confidential/AEO material. In no event shall production or disclosure be made before notice is given. If the party claiming confidentiality makes a motion to quash or modify the subpoena or order, then the party, person or entity receiving the subpoena or order shall comply with applicable law or the order of the court having jurisdiction over such subpoena, order, or motion. If no such motion is made, despite a reasonable opportunity to do so, the party, person or entity receiving the subpoena or order is entitled to comply with it.

15.  <u>Return or Destruction of Information</u>. Within thirty (30) days of the termination of this Action (including the later of the expiration of all appeal periods and/or the approval by the Court of a settlement agreement executed by the Parties that finally disposes of this Action), counsel of record for the Parties shall secure the return or destruction of all Litigation Material designated Confidential/AEO and all copies thereof and notes, abstracts or summaries made therefrom, including written confirmation to the Producing Party that the Confidential/AEO information, including all copies, was deleted from any litigation-support or other database, from all persons to whom such materials were disclosed under the terms of this Stipulation, and shall destroy them or return them to counsel for the party who initially produced the Litigation Material, except that counsel may retain their work-product, copies of Court filings and official transcripts and exhibits, provided that the Confidential/AEO information contained therein will continue to be treated as provided herein. If the Receiving Party chooses to destroy the Confidential/AEO information rather than returning it, the Receiving Party must certify in writing to the Producing Party that all such information has been destroyed.

16.  <u>No Waiver</u>. The procedures set forth herein shall not affect the rights of the Parties to object to the production of documents, testimony or other materials on grounds other than those

related to trade secrets or proprietary information, nor shall it relieve a party of the necessity of providing proper responses to discovery requests. Furthermore, nothing in this Order shall require the production of documents, things or other information that any party contends is protected from disclosure by the attorney-client privilege or the work-product doctrine.

17. <u>No Effect on Admissibility</u>. Nothing in this Order shall be construed to affect the admissibility of any document, material, or information at any trial or hearing.

18. <u>Privileged Material</u>. If a Receiving Party receives Litigation Material that the Producing Party deems to contain inadvertently disclosed information protected by the attorney-client privilege, the work product doctrine, or any other recognized privilege or protection ("Privileged Material"), the Receiving Party shall, upon receipt of demand by the Producing Party, immediately return the Litigation Material containing the Privileged Material without reserving a copy or copies. The inadvertent disclosure by any person of any Privileged Material shall not waive any such privilege or protection, for the Privileged Material or for the subject matter of that material, in this Action or any other state or federal proceeding or other proceeding, pursuant to Federal Rule of Evidence 502 and Federal Rule of Civil Procedure 26(b)(5)(B). This Stipulation shall not excuse a Producing Party from taking reasonable steps to identify, in advance of production, its documents and information which contain Privileged Material. It is expressly contemplated that computerized searches of data using keywords and search terms to identify Privileged Material shall be considered sufficient and reasonable measures to support the assertion of inadvertent production.

19. <u>Miscellaneous</u>. Entering into or otherwise complying with this Stipulation or producing or receiving Confidential/AEO Litigation Material shall not:

  (a)  prevent any Party or non-party from using in this or any other matter, or

ACTIVE 696894453v5

disclosing to any person or entity as it deems appropriate, its own Confidential/AEO Information, and any such use or disclosure shall not be deemed a waiver of any Party's or non-party's rights or obligations under this Stipulation;

(b) prevent any Party or non-party from using in this or any other matter, or disclosing to any person as it deems appropriate, any information that: (i) was publicly available or generally known at the time of disclosure, (ii) became publicly available or generally known after the time of disclosure through no fault of any Receiving Party, (iii) was known or possessed at the time of disclosure by the Receiving Party intending to use the information, (iv) was received from a third party who was under no obligation of confidentiality to the Producing Party, or (v) was developed independently of the disclosure; and

(c) operate as an admission that any particular Confidential/AEO Litigation Material contains, reflects or otherwise discloses any type of trade secret information, or other Confidential/AEO information.

20. <u>Amendments</u>. The provisions of this Stipulation may be modified by agreement of the Parties, and this Stipulation is without prejudice to the rights of any Party to move for relief from any of its provisions, or to seek or agree to different or additional protection for any particular material or information.

21. <u>No Probative Value</u>. The fact that a document, item or information is designated as Confidential/AEO shall not be deemed to be determinative of what a trier of fact may determine to be confidential or proprietary. This Order shall be without prejudice to the right of any party to bring before the Court the question of: (i) whether any particular information is or is not Confidential/AEO; (ii) whether any particular information is or is not entitled to a greater or lesser degree of protection than provided in this Order; or (iii) whether any particular information is or

is not relevant to any issue of this case. Absent a stipulation of all parties, or a court order, the fact that information has been designated Confidential/AEO under this Order shall not be admissible during the trial of this Action, and the jury shall not be advised of such designation.

22. <u>Court's Jurisdiction</u>. The Court retains jurisdiction to make such amendments to this Stipulation as the Court deems appropriate. The provisions of this Stipulation regarding the use and/or disclosure of Confidential/AEO Litigation Material shall survive the termination of this Action, and the Court shall retain jurisdiction with respect to interpreting and enforcing the provisions of this Order.

23. <u>Written Notice</u>. Written notice provided under this Order shall be by email to all counsel of record for all parties and by any means designated by counsel for any non-parties or to the non-parties if they are unrepresented by counsel. If no designation is made by counsel for any non-parties or to the non-parties if they are unrepresented by counsel, email shall be deemed sufficient written notice under this Paragraph and this Stipulation.

24. <u>Counterparts</u>. This Stipulation may be executed in counterparts.

SO STIPULATED AND AGREED.

*/s/ Rachel Soffin*
Rachel Soffin
*Counsel for Plaintiffs*

Dated: May 6, 2024

*/s/ Glenn Kerner*
Glenn Kerner
*Counsel for Defendants*

Dated: May 6, 2024

SO ORDERED THIS ___7___ DAY OF MAY, 2024.

_____
HON. JESSICA G. L. CLARKE
UNITED STATES DISTRICT JUDGE

<u>Copies furnished to:</u>
All counsel of record

ACTIVE 696894453v5

## ACKNOWLEDGEMENT

### Exhibit A to Stipulated Confidentiality and Protective Order

I, _____, state the following:

1. I have read and understand the attached Stipulated Confidentiality and Protective Order and I attest to my understanding that access to information designated as "Confidential" and/or "Highly Confidential—Attorney's Eyes Only" may be provided to me, and that such access shall be pursuant to the terms and conditions and restrictions of the Stipulated Confidentiality and Protective Order. I agree to be bound by the terms of the Stipulated Confidentiality and Protective Order, both with respect to this Court's powers of supervision of the litigation of the above-captioned case and to the party that produced the protected documents and information.

2. I shall not use or disclose to others, except in accordance with the Stipulated Confidentiality and Protective Order, any "Confidential" and/or "Highly Confidential—Attorney's Eyes Only" documents or information. If I fail to abide by the terms of this Stipulated Confidentiality and Protective Order, I understand that I shall be subject to sanctions by way of contempt of court and to separate legal and equitable recourse by the adversely affected party. I further consent to the exercise of personal jurisdiction by this Court and waive any objection as to venue in connection with any effort to enforce this Stipulated Confidentiality and Protective Order.

Date: _____                    SIGNATURE: _____

ACTIVE 696894453v5