

June 21, 2024

**VIA ECF**

Honorable Jessica G. L. Clarke
United States District Judge
Southern District of New York
500 Pearl Street, Room 1040
New York, NY 100007

Re: *Amanda Marble, et al. v. HALO Innovations, Inc.* (Case No. 1:23-cv-11048-JGLC)
*Cassidy Bender, et al. v. HALO Innovations, Inc.* (Case No. 1:24-cv-4371-JGLC)
**Joint Motion to Stay the Above-Captioned Cases**

Dear Judge Clarke:

Plaintiffs Amanda Marble and Kelsey Reimer, individually and on behalf of all others similarly situated (the "Marble Action") and Plaintiff Cassidy Bender, individually and on behalf of all others similarly situated (the "Bender Action"), and Defendant HALO Innovations, Inc. (n/k/a HALO Dream, Inc.) ("HALO") (collectively "Parties"), write jointly through their undersigned counsel to seek a temporary stay of all proceedings in both cases. This request is made to conserve judicial and party resources while the Parties seek to resolve the cases through mediation scheduled before the Honorable Diane Welsh (Ret.) on August 27, 2024.

By way of brief background, the Parties to the Marble Action attended an initial pretrial conference before the Court on April 4, 2024, and the Court entered a Case Management Plan and Scheduling Order (the "Case Management Plan") the same day [*See* ECF No. 29]. Since the conference, the Parties have made considerable efforts in advancing discovery in this case and progressing towards a resolution. This included exchanging Fed. R. Civ. P. 26(a)(1) initial disclosures, negotiating the Confidentiality Stipulation and Protective Order entered on May 7, 2024 [*See* ECF No. 34], negotiating the Protocol Regarding Discovery of Electronically Stored Information entered on June 6, 2024, [*See* ECF No. 43], exchanging documents for purposes of settlement evaluation, holding multiple meet and confers pertaining to discovery and mediation, and completing briefing on HALO's Motion to Dismiss the Complaint [*See* ECF No. 25, 37, 47].

The Bender Action was filed on June 7, 2024, as a related action to the Marble Action. HALO has not yet accepted service. An initial pretrial conference in the Bender Action is set for September 12, 2024 [*see* ECF No. 6].

The Parties respectfully submit that a temporary stay will be beneficial for several reasons. First, early resolution discussions are encouraged in the Court's Case Management Plan [*See* ECF No. 29, at 1-2], which the Parties have taken to heart. Second, the Federal Rules of Civil Procedure should be construed, administered, and employed to ensure a "just, speedy, and inexpensive determination of every action and proceeding," and allowing the Parties to focus on an early

Honorable Jessica G. L. Clark
June 21, 2024
Page 2

resolution facilitates that goal. Fed. R. Civ. P. 1. Finally, courts in this district have discretion to manage their dockets to ensure just and efficient resolution of cases. Specifically, "a federal district court has the inherent power, in the exercise of its discretion, to stay an action pending before it." *John's Insulation, Inc. v. Siska Constr. Co.,* 671 F. Supp. 289, 297 (S.D.N.Y. 1987) (citing *Landis v. North American Co.*, 299 U.S. 248, 254-55, 81 L. Ed. 153, 57 S. Ct. 163 (1936)); *Hikers Industries v. William Stuart Industries*, 640 F. Supp. 175, 177 (S.D.N.Y. 1986); 1 J. Moore, *Moore's Federal Practice* ¶ 0.60[6] (3d ed. 1986); *Consumer Fin. Prot. Bureau v. MoneyGram Int'l, Inc.*, 2022 U.S. Dist. LEXIS 223995, at *2-3 (S.D.N.Y. Dec. 9, 2022) (quoting *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 96 (2d Cir. 2012) (noting that a district court's "power to stay proceedings is incidental to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants")).

When exercising its discretion to grant a stay, courts in this district consider five factors: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation as balanced against the prejudice to the plaintiffs if delayed; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996). Here, all five factors are met. The first factor is satisfied because permitting Plaintiffs to focus their efforts on the August 27, 2024, mediation is the most expeditious avenue to obtain resolution on the asserted claims, and thus benefits Plaintiffs' private interests. This is evident by Plaintiffs' consent to this joint request for a stay. Accordingly, there is no prejudice to the plaintiffs. Second, HALO agrees that it is in its best interest to focus its time and resources on early resolution and that a stay of these proceedings will eliminate the burden of participating in discovery not conducive to a successful mediation. Third, the Court's interest in judicial economy is served by granting a stay because it could moot a ruling on the pending Motion to Dismiss the Complaint in the Marble Action, an anticipated motion to dismiss in the Bender Action, and any other motions and potential discovery disputes while settlement negotiations are ongoing. Additionally, the mediation is approximately two-months away, so a stay is temporary at most and eliminates the risk of the cases sitting stagnant on the Court's docket. Finally, factors four and five are satisfied because the Parties have not foreclosed the possibility of a class-wide settlement, which would benefit the interests of future class members and the public by serving judicial economy.

Accordingly, to conserve judicial and the Parties' resources, and to allow the Parties to devote their attention to the upcoming mediation, the Parties jointly request a temporary stay of these proceedings, including a stay of all current deadlines and the deadlines set forth in the Case Management Plan, until after the completion of the August 27, 2024 mediation. The Parties will submit a joint status report to the Court advising on the status of settlement efforts by no later than August 30, 2024.

We thank the Court for its attention to this matter.

Respectfully Submitted,

| | |
|---|---|
| /s/ Rachel Soffin<br>Rachel Soffin<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**<br>3833 Central Avenue<br>St. Petersburg, FL 33713<br>T: 865-247-0080<br>F: 865-522-0049<br>rsoffin@milberg.com<br><br>Mitchell Breit<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**<br>405 East 50th Street<br>New York, New York 10022<br>Tel: (347) 668-8445<br>mbreit@milberg.com<br><br>Harper T. Segui<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**<br>825 Lowcountry Blvd., Suite 101<br>Mt. Pleasant, SC 29464<br>T: 919-600-5000<br>hsegui@milberg.com<br><br>Erin Ruben<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**<br>900 W. Morgan Street<br>Raleigh, NC 27603<br>T: 919-600-5000<br>eruben@milberg.com<br><br>Kelsey Gatlin Davies<br>**MILBERG COLEMAN BRYSON PHILLIPS GROSSMAN PLLC**<br>800 S. Gay Street, Suite 1100<br>Knoxville, TN 37929<br>T: 865-247-0080<br>F: 865-522-0049<br>kdavies@milberg.com<br><br>*Attorneys for Plaintiffs & Proposed Classes* | /s/ Brandon D. Cox<br>Brandon D. Cox<br>Bardia Sergent<br>**GREENBERG TRAURIG, LLP**<br>Terminus 200<br>3333 Piedmont Road NE<br>Suite 2500<br>Atlanta, Georgia 30305<br>Tel: (678) 553-2100<br>coxb@gtlaw.com<br>sergentb@gtlaw.com<br><br>Glenn S. Kerner<br>Nilda M. Isidro<br>**GREENBERG TRAURIG, LLP**<br>One Vanderbilt Ave<br>New York, New York 10017<br>Tel: (212) 801-9200<br>glenn.kerner@gtlaw.com<br>nilda.isidro@gtlaw.com<br><br>Gregory E. Ostfeld<br>**GREENBERG TRAURIG, LLP**<br>77 West Wacker Drive, Suite 3100<br>Chicago, Illinois 60601<br>Tel: (312) 476-5056<br>ostfeldg@gtlaw.com<br><br>Jaclyn DeMais<br>**GREENBERG TRAURIG, LLP**<br>500 Campus Drive, Suite 400<br>Florham Park, New Jersey 07932<br>Tel: (973) 360-7900<br>demaisj@gtlaw.com<br><br>Attorneys for Defendants |

Application GRANTED. Proceedings in *Marble v. HALO Innovations, Inc.*, 23-CV-11048 and *Bender v. HALO Innovations, Inc.*, 24-CV-4371 are hereby STAYED and all deadlines are adjourned *sine die*. The parties are directed to file a joint status letter by **August 30, 2024.** The Clerk of Court is directed to terminate ECF No. 48 in 23-CV-11048 and docket this order in 23-CV-11048 and 24-CV-4371.

Dated: June 24, 2024
New York, New York

SO ORDERED.

*/s/ Jessica Clarke*

JESSICA G. L. CLARKE
United States District Judge