UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| AMANDA MARBLE, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>              -against-<br><br>HALO INNOVATIONS INC.,<br><br>                              Defendant. | 23-CV-11048 (JGLC) |
| CASSIDY BENDER, individually and on behalf of all others similarly situated,<br><br>                              Plaintiffs,<br><br>              -against-<br><br>HALO INNOVATIONS INC.,<br><br>                              Defendant. | 24-CV-4371 (JGLC)<br><br>**<u>ORDER</u>** |

JESSICA G. L. CLARKE, United States District Judge:

On November 1, 2024, the parties jointly filed a letter-motion requesting that the Court consolidate *Marble v. Halo Innovations, Inc.*, No. 23-cv-11048 (JGLC) ("*Marble*") and *Bender v. Halo Innovations, Inc.*, No. 24-cv-4371 (JGLC) ("*Bender*") for the purposes of effectuating a class settlement. *See* ECF No. 54 (*Marble*); ECF No. 14 (*Bender*). The Court has reviewed the joint letter motion, and hereby orders the consolidation of the above-captioned cases.

Rule 42 of the Federal Rules of Civil Procedure permits a court to consolidate cases that "involve a common question of law or fact." Fed. R. Civ. P. 42(a)(2). In assessing whether consolidation is appropriate in given circumstances," a court "should consider both equity and judicial economy." *Devlin v. Transp. Commc'ns Int'l Union*, 175 F.3d 121, 130 (2d

Cir. 1999). District courts enjoy substantial discretion in deciding whether and to what extent to consolidate cases and may even consolidate cases *sua sponte*. *Id.*

Here, both cases involve claims concerning HALO's BassiNext Flex product and related marketing campaigns. *See generally Bender* Compl. ¶¶ 1–37; *Marble* Compl. ¶¶ 1–47. Moreover, both *Marble* and *Bender* were discontinued following a settlement in principle reached by the parties. *See Bender*, ECF No. 9; *Marble*, ECF No. 51. There is therefore no concern regarding, e.g., potential confusion, prejudice, or risks to impartiality of a trial. *Cf. Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284 (2d Cir. 1990). All parties support the motion, and consolidating the cases would allow the parties to fully effectuate the settlement that has been reached. *See Kelen v. World Fin. Network Nat. Bank*, 302 F.R.D. 56, 63 (S.D.N.Y. 2014) (consolidating cases for purposes of settlement where parties stipulated to consolidation, the cases involved same legal issues, and consolidation would allow for "a more expeditious settlement and the simultaneous and efficient resolution of all claims.").

For the foregoing reasons, the motion to consolidate is GRANTED. The Clerk of Court is respectfully directed to reopen both matters, consolidate them, and designate *Marble* as the lead case (given it was first filed). Any further filings relating to these actions shall be made under case number 23-CV-11048. The Clerk of Court is further directed to terminate ECF No. 54 (*Marble*) and ECF No. 14 (*Bender*).

Dated: November 22, 2024
       New York, New York

SO ORDERED.

_____
JESSICA G. L. CLARKE
United States District Judge