**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| AMANDA MARBLE and KELSEY REIMER, individually and on behalf of all others similarly situated,<br><br>      Plaintiffs,<br><br>v.<br><br>HALO INNOVATIONS, INC.,<br><br>      Defendant. | Case No. 23-CV-11048 (JGLC) |

**PRELIMINARY APPROVAL ORDER**

WHEREAS, on December 20, 2023, Plaintiffs Amanda Marble and Kelsey Reimer (collectively, "Plaintiffs") filed a Class Action Complaint, *Marble, et al. v. HALO Innovations, Inc.,* No. 1:23-cv-11048 (the "*Marble* Action") in the Southern District of New York against Defendant HALO Innovations, Inc. (n/k/a HALO Dream, Inc.) ("Defendant" or "HALO"), on behalf of themselves and all others similarly situated, alleging that Defendant's BassiNest Flex (the "Flex" or "Class Product") contains a uniform design defect that purportedly causes the sleep surface to tilt presenting a safety hazard, which Plaintiffs allege is contrary to Defendant's marketing for the Flex. (*Marble* Action, ECF No. 1);

WHEREAS, on June 7, 2024, Plaintiff Cassidy Bender (referred to herein along with Plaintiff Marble and Reimer collectively as "Plaintiffs") filed a Class Action Complaint, *Bender v. HALO Innovations, Inc*., No. 1:24-cv-4371 (the "Bender Action" which is also referred to herein along with the *Marble* Action collectively as "the Action") in the Southern District of New York

1

against Defendant, on behalf of herself and all others similarly situated, alleging substantially similar claims as to the Flex. (*Bender* Action, ECF No. 1);

WHEREAS, on November 11, 2024, Plaintiffs along with Defendant, filed a Joint Letter Motion to consolidate the *Marble* Action and the *Bender* Action for settlement purposes only, which was granted by this Court on November 22, 2024. (ECF No. 55);

WHEREAS, Plaintiffs and Defendant entered into a Settlement Agreement and Release ("Settlement Agreement") on January 31, 2025, which is attached as **Exhibit 1** to the Memorandum in Support of Plaintiffs' Unopposed Motion for Preliminary Approval of the Settlement Agreement, filed on January 31, 2025, and sets forth the terms and conditions of the Settlement;[1]

WHEREAS, Plaintiffs have moved the Court for an order preliminarily approving the proposed Settlement pursuant to Federal Rule of Civil Procedure 23 and approving Notice to the Settlement Class as more fully described herein;

WHEREAS, Defendant does not contest certification of the Settlement Class solely for purposes of the Settlement;

WHEREAS, the Court is familiar with and has reviewed the record and has reviewed the Settlement Agreement and its exhibits, Plaintiffs' Memorandum of Law in Support of their Unopposed Motion for Preliminary Approval, and the supporting Joint Declaration of Rachel Soffin, Harper Segui, Erin Ruben, Kelsey Gatlin Davies, and Tom Pacheco and exhibits thereto, and finds good cause for entering the following Order;

**NOW, THEREFORE, IT IS HEREBY ORDERED:**

---

[1] Unless otherwise stated, capitalized terms used herein have the meaning given to such terms in the Settlement Agreement.

1.      For purposes of this Order, the Court adopts all defined terms as set forth in the

Settlement Agreement.

**Preliminary Certification of the Settlement Class for Settlement Purposes**

2.      Under Federal Rule of Civil Procedure 23(b)(3), the Settlement Class, defined as

follows, is preliminarily certified for the purpose of settlement only:

> All Persons in the United States (including in its states, districts, territories, or tribal reservations) who purchased one or more of the Class Products before the date of the Preliminary Approval Order.

3.      The Settlement Class excludes:

> (1) any Judge or Magistrate Judge presiding over this Action and members of their families; (2) Defendant, Defendant's subsidiaries, parent companies, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and their current or former officers, members, directors, agents, attorneys, and employees; (3) Persons who properly execute and file a timely request for exclusion from the class; (4) the legal representatives, successors, or assigns of any such excluded Persons; (5) any and all wholesalers, distributors, or retailers of the Class Products; and (6) any and all second-hand purchasers of the Class Products.

4.      The Court preliminary finds, for the purpose of settlement only, that the Settlement

Class meets all the prerequisites of Federal Rule of Civil Procedure 23 for class certification,

including numerosity, commonality, typicality, predominance of common issues, superiority, and

that Plaintiffs and Class Counsel are adequate representatives of the Settlement Class.

5.      Plaintiffs Amanda Marble, Kelsey Reimer, and Cassidy Bender are hereby

appointed as Class Representatives of the Settlement Class.

6.      Rachel Soffin, Harper Segui, Erin Ruben, Kelsey Gatlin Davies, and Tom Pacheco

are hereby appointed as Class Counsel for the Settlement Class.

7.    The Settlement Class, if certified in connection with final approval, shall be for settlement purposes only and without prejudice to the parties in the event the Settlement is not finally approved by this Court or otherwise does not take effect.

**Preliminary Approval of the Settlement**

8.    The Court has scrutinized the Settlement Agreement carefully. It preliminarily finds that the Settlement is the product of extensive, non-collusive, arm's-length negotiations between experienced counsel who were thoroughly informed of the strengths and weaknesses of the case through pre-suit discovery pursuant to Fed. R. Evid. 408, extensive settlement discussions, and who mediated before the Honorable Diane M. Welsh (Ret.) of JAMS. The Court also preliminarily finds that the Settlement is within the range of possible approval because it compares favorably with the expected recovery balanced against the risks of continued litigation, does not grant preferential treatment to the Plaintiffs and Class Counsel, and has no obvious deficiencies.

9.    The Court hereby preliminarily approves the Settlement, as memorialized in the Settlement Agreement, as fair, reasonable, and adequate, and in the best interest of the Plaintiffs and the other Settlement Class Members, subject to further consideration at the Final Approval Hearing to be conducted as described below.

10.    The Court hereby stays this Action pending final approval of the Settlement, and enjoins, pending final approval of the Settlement, any actions brought by the named Plaintiffs concerning a Released Claim.

**Manner and Form of Notice**

11.    The Court approves the Notice substantially in the form attached as Exhibits B, C, and D to the Settlement Agreement and the Claim Form substantially in the form attached as Exhibit A to the Settlement Agreement. The Notice is reasonably drafted, under the circumstances,

to apprise the Settlement Class of the pendency of this litigation; the effects of the proposed Settlement on their rights (including the Released Claims contained therein); Class Counsel's upcoming motion for attorneys' fees, expenses, and service awards; Class Members' right to submit a Claim Form; Class Members' right to exclude themselves; and Class Members' right to object to any aspect of the proposed Settlement. The date and time of the Final Approval Hearing shall be included in the Notice before it is disseminated.

12.    The Court also finds that the proposed Notice Plan, which includes dissemination of Notice via (i) email (for those members of the Settlement Class for whom Defendant has an email address or for whom Angeion can otherwise reasonably establish contact via an email address), (ii) U.S. mail (as needed), (iii) digital and publication notice in the form of a media campaign, (iv) the Settlement Website, and (v) a toll-free telephone number, will provide the best notice practicable under the circumstances. The Notice and Notice Plan provide due, adequate, and sufficient notice to the Settlement Class, and satisfy the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable law and rules.

13.    The Court appoints Angeion to serve as the Settlement Administrator to supervise and administer the Notice Plan, establish and operate a Settlement Website, administer the Claims process, including the determination of valid claims, distribute the Cash Payments to Claimants with Approved Claims according to the criteria set forth in the Settlement Agreement, and perform any other duties of the Settlement Administrator provided for in the Settlement Agreement.

14.    Defendant shall provide the Settlement Administrator with the names, e-mail addresses (if available), and the mailing addresses (if available) of the Settlement Class for the purpose of disseminating the Notice.

15.    The Settlement Administrator shall provide Notice of the Settlement and Final Approval Hearing to the Settlement Class as follows:

  a.  Within 30 days following the entry of this Order, the Settlement Administrator will establish the Settlement Website pursuant to the terms of the Settlement Agreement. The Settlement Website will have a Claim Form submission capability, contain the operative Consolidated Class Action Complaint, Preliminary Approval Motion and Order, the detailed Class Notice substantially in the form of Exhibit D to the Settlement Agreement, the Settlement Agreement, Class Counsel's and Plaintiffs' application for attorneys' fees, costs, and service awards (once filed), Plaintiffs' Motion for Final Approval (once filed), answers to a set of frequently asked questions, information on how to object or request exclusion (and the ability to opt out online), and other information regarding the Court approval process as agreed to by the Parties.

  b.  Within 30 days following entry of this Order, Angeion will disseminate the Email Notice to each member of the Settlement Class for whom Defendant has an email address or for whom Angeion can otherwise reasonably establish contact via an email address, which Email Notice will substantially be in the form of Exhibit B attached to the Settlement Agreement.

  c.  Within 30 days following entry of this Order, Angeion will mail the Postcard Notice, which will substantially be in the form of Exhibit B attached to the Settlement Agreement, for each member of the Settlement Class for whom Defendant does not have valid email addresses and whose email address

cannot be identified through other reasonable means or for whom the Email
Notice is returned as undeliverable, but for whom a mailing address can be
identified by Defendant or made available to the Settlement Administrator
through reasonable means.

d.  Within 30 days following entry of this Order, Angeion will establish a toll-
free telephone number where members of the Settlement Class can request a
copy of the Detailed Notice, Claim Form(s), and other case documents.

e.  Within 30 days following entry of this Order, Angeion will implement a digital
and publication notice in the form of a media campaign as described in the
Settlement Agreement, the content of which shall substantially be in the form
of Exhibits B, C, and D to the Settlement Agreement. The campaign will
provide a link to the Settlement Website and contact information for the
Settlement Administrator.

**The Final Approval Hearing**

16.    The Court will hold a Final Approval Hearing on __**September 4, 2025**__ at
__**11:00 AM**__ in Courtroom __**11B**__ of the United States District Court, Southern District of New
York, __**500 Pearl Street, New York, NY**__ for the following purposes: (i) to determine whether
the Settlement should be approved as fair, reasonable, and adequate and in the best interests of
Settlement Class Members; (ii) to rule upon Class Counsel's application for an award of attorneys'
fees and expenses; (iii) to rule upon Class Counsel's application for service awards for the Class
Representatives; and (iv) to consider any other matters that may properly be brought before the
Court in connection with the Settlement.

17.     The Court may adjourn the Final Approval Hearing or decide to hold the Final Approval Hearing telephonically or via other means without further notice to the Settlement Class, and may approve the proposed Settlement without further notice to the Settlement Class.

18.     If the Settlement is approved, Settlement Class Members (i.e., those who have not excluded themselves from the Settlement) will be bound by the Release provided for in the Settlement Agreement, and by any judgment or determination of the Court affecting Settlement Class Members. All Settlement Class Members shall be bound by all determinations and judgments in this Action concerning the Settlement, whether favorable or unfavorable to the Settlement Class.

19.     Any Settlement Class Member who intends to object to the Settlement must timely serve a written objection to the Settlement Administrator by the date specified in the Notice. The objection must: (i) clearly state that it is an objection to the Class Settlement in *Marble et al v. HALO Innovations, Inc.*, Case No. 1:23-cv-11048-JLGC or *Bender v. Halo Innovations, Inc*., Case No. 1:24-cv-04371-JLGC; (ii) include the name, email address, address and telephone number for the objecting Settlement Class Member; (iii) include Valid Proof of Purchase for the Class Products purchased; (iv) state whether the objection applies to that Settlement Class Member or to a specific subset of the Settlement Class, or to the entire Settlement Class, and state with specificity the grounds for the objection, including all citations to legal authority and evidence supporting the objection, if any; (v) provide the name and contact information of any and all attorneys representing, advising, or in any way assisting the objector in connection with the preparation or submission of the objection or who may profit from the pursuit of the objection (the "Objecting Attorneys"); (vi) identify the number of times in which the objector has objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the

caption of each case in which the objector has made such an objection, and a copy of any orders related to or ruling on the objector's prior such objections; (vii) identify the number of times in which the Objecting Attorneys or their law firms have objected to a class action settlement within the five (5) years preceding the date that the objector files the objection, the caption of each case in which the Objecting Attorneys or their law firms have made such an objection, and a copy of any orders related to or ruling on the Objecting Attorney or their law firm's prior such objections; (viii) if the objector or any of the Objecting Attorneys has objected to any class action settlement where the objector or the Objecting Attorneys asked for or received any payment in exchange for dismissal of the objection or any related appeal—without any modification to the settlement—then the objection must include a statement identifying each such case by full case caption and amount of payment received; (ix) disclose any and all agreements, whether written or oral-between objector or objector's counsel and any other person or entity, that relate to the objection or the process of objecting; (x) a statement indicating whether the objector intends to appear at the Final Approval Hearing (either personally or through counsel who files an appearance with the Court in accordance with the Local Rules); and (xi) include the actual written or electronic signature of the Settlement Class Member making the objection.

20.     Any Settlement Class Member who fails to object to the settlement in the manner described in the Notice and consistent with this Section shall be deemed to have waived any such objection, shall not be permitted to object to any terms or approval of the settlement at the Final Approval Hearing, and shall be foreclosed from seeking any review of the settlement or the terms of this Agreement by appeal or other means.

21.     Except for those Settlement Class Members who timely and properly file a request for exclusion, all other Settlement Class Members will be deemed to be Settlement Class Members

for all purposes under the Agreement, and upon the Effective Date, will be bound by its terms, regardless of whether they file a Claim or receive any monetary relief.

**Exclusion from the Settlement Class**

22.    Members of the Settlement Class who choose to opt out must inform the Settlement Administrator in writing that he or she wishes to be excluded from the Settlement Class, and must send that request to the Settlement Administrator by U.S. Mail, postmarked no later than the Objection/Exclusion Deadline, or submitted online through the claims portal and verified no later than the Objection/Exclusion Deadline. The request for exclusion must: (i) identify the case name, (ii) be personally signed by the Settlement Class Member requesting exclusion, (iii) contain the Settlement Class Member's name, address, and telephone number, (iv) contain a brief statement explaining the Class Products purchased by the Settlement Class Member requesting exclusion, (v) contain a statement that indicates a desire to be excluded from the Settlement Class, such as "I hereby request that I be excluded from the proposed Settlement Class in *Marble et al v. HALO Innovations, Inc.*"

23.    A request to be excluded that does not include all of this information, or that is sent to an address other than that designated in the Notice, or that is not postmarked or submitted online through the claims portal and verified no later than the Objection/Exclusion Deadline, shall be invalid, and the Person(s) shall be bound as a Settlement Class Member by this Agreement, if approved.

24.    A Settlement Class Member may opt out on an individual and personal basis only; so-called "mass" or "class" opt-outs, shall not be allowed and shall be deemed ineffective.

25.    Any member of the Settlement Class who validly and timely elects to be excluded from this Agreement shall not:  (i) be bound by any orders or the Final Judgment; (ii) be entitled

to relief under this Settlement Agreement, (iii) gain any rights by virtue of this Agreement; or (iv) be entitled to object to any aspect of this Agreement.

26.    The Settlement Administrator shall also provide a final report to Class Counsel and Defendant, no later than ten (10) days after the Objection/Exclusion Deadline detailing the list of the persons who have excluded themselves in a valid and timely manner from the Settlement Class, and Class Counsel will file that list with the Court under seal, furnishing counsel with copies of such requests for exclusion.

**Termination of the Settlement**

27.    If the Settlement fails to become effective in accordance with its terms, or if the judgment is not entered or is reversed, vacated, or materially modified on appeal (and, in the event of material modification, if either Party elects to terminate the Settlement), this Order shall be null and void, the Settlement Agreement shall be deemed terminated (except for any paragraphs that, pursuant to the terms of the Settlement Agreement, survive termination), and the Parties shall return to their positions prior to the Settlement Agreement, without prejudice to the Parties in any way, as provided for in the Settlement Agreement.

**The Use of this Order**

28.    As set forth in the Settlement Agreement, the fact and terms of this Order and the Settlement, all negotiations, discussions, drafts, and proceedings in connection with this Order and the Settlement, and any act performed or document signed in connection with this Order and the Settlement, shall not, in this or any other court, administrative agency, arbitration forum, or other tribunal, constitute an admission, or evidence, or be deemed to create any inference against either Party, including, but not limited to: (i) of any acts of wrongdoing or lack of wrongdoing; (ii) of any liability on the part of Defendant to the Class Representatives, the Settlement Class, or anyone

else; (iii) of any deficiency of any claim or defense that has been or could have been asserted in this Action; (iv) that Defendant agrees that a litigation class is proper in this Action or any other proceeding; (v) of any damages or lack of damages suffered by the Class Representatives, the Settlement Class, or anyone else; or (vi) that any benefits obtained by Settlement Class Members pursuant to the Settlement Agreement or any other amount represents the amount that could or would have been recovered in this Action against Defendant if it was not settled at this point in time.

29.    The fact and terms of this Order and the Settlement, and all negotiations, discussions, drafts and proceedings in connection with this Order and the Settlement, including but not limited to, the release of the Released Claims provided for in the Settlement Agreement, shall not be offered or received in evidence or used for any other purpose in this or any other proceeding in any court, administrative agency, arbitration forum or other tribunal, except as necessary to enforce the terms of this Order and/or the Settlement or as a defense to any released claim.

30.    The Court retains exclusive jurisdiction over this Action to consider all further matters arising out of or connected with the Settlement.

**IT IS SO ORDERED.**

Dated:    **February 10**    , 2025

HONORABLE JESSICA G. L. CLARKE
United States District Court
Southern District of New York

12

## SCHEDULE OF SETTLEMENT EVENTS AND DEADLINES

| **Event** | **Deadline** |
|---|---|
| CAFA Notice pursuant to 28 U.S.C. § 1715(b) | Within 10 Days of filing of motion for preliminary approval |
| Notice Date | The later of: (a) thirty (30) Days after the Preliminary Approval Date, or (b) February 14, 2025 |
| Application for Service Awards and Attorneys' Fees and Costs | No later than thirty-five (35) Days before the Opt-Out and Objection Deadline |
| Objection/Exclusion Deadline | 90 Days after Notice Date |
| Claims Deadline | 90 Days after Notice Date |
| Final Approval Motion and response to any objections | 45 Days after the deadline to cure Claim deficiencies |
| Settlement Administrator submits declaration (1) stating the number of claims, requests for exclusion, and objections to date and (2) attesting that Notice was disseminated in a manner consistent with the Settlement Agreement or otherwise required by the Court. | 10 Days after the Objection/Exclusion Deadline |
| Settlement Administrator provides Class Counsel and Defendant's Counsel a report containing: (1) total number of Claims filed and total number of Approved Claims, (2) total aggregate Cash Payment amount calculated for all Approved Claims without Valid Proof of Purchase, (3) total aggregate Cash Payment amount calculated for all Approved Claims with Valid Proof of Purchase, (4) total aggregate Cash Payment amount calculated for all Approved Claims | 45 Days after the deadline to cure Claim deficiencies |